**COMPLAINT**
Briseila Cuadrado-Sanchez v. Triple S, Vida, Inc.                                                1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BRISEILA CUADRADO-SANCHEZ,<br><br>Plaintiff<br><br>v.<br><br>TRIPLE S VIDA, INC.,<br>Defendant | CIVIL NO. 16-1410<br><br>THE EMPLOYEE RETIREMENT INCOME SECURITY ACT(ERISA)<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COMES NOW** the Plaintiff, and through the undersigned attorneys, very respectfully avers and prays as follows:

**I. INTRODUCTION**

1. This is a civil action brought pursuant to the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§'s 1001 *et seq.*("ERISA").

**II.  JURISDICTION & VENUE**

2. The jurisdiction of this Honorable Court is hereby invoked under 28 U.S.C. § 1132(e) and (f), since the instant action

arises from the Defendant's breach of it obligations to Plaintiff under Federal Law.

### III. THE PARTIES

3. Plaintiff Briseila Cuadrado-Sanchez (Hereinafter "Mrs. Cuadrado-Sanchez") is a resident of the Commonwealth of Puerto Rico and the victim of the Defendant's breach under ERISA. Plaintiff at all times pertinent, was a participant within the meaning of 29 U.S.C. § 1002(2)(7) in the group lone-term disability ("LTD") plan that was issued to ScotiaBank of Puerto Rico, Plaintiff's employer.

4. Defendant Triple S Vida, Inc. (Hereinafter "Triple-S") is a for profit corporation created under the laws of the Commonwealth of Puerto Rico.

### IV. THE FACTS

5. The plan under which Mrs. Cuadrado-Sanchez is suing is a group disability plan maintained by ScotiaBank of Puerto Rico and fully insured by a contract of insurance issued by the Defendant.

6. Plaintiff worked full time for Scotia Bank until the year 2012. She has not worked since.

7. The plan's covered class includes Plaintiff and as a full time employee she became insured under the Plan.

8. The policy provides Long Term Disability benefits to cover the employees who meet all contractual provisions, including the definition of disability.

9. The terms of the policy defining disability are a:"determination {of} sickness or injury {which} prevents {the employee} from performing with reasonable continuity the material and substantial duties" of her regular occupation during the elimination period of 180 days.

10. The benefits given under the plan are 60% of the pre-disability monthly earnings.

11. Plaintiff last worked with Scotiabank 2013 and asked for disability benefits on June 13, 2013 due to her conditions of carpal tunnel syndrome, pinched nerves, radiculopathy, radiculitis and depression.

12. Her application was denied on April 28, 2014.

13. Plaintiff filed an appeal and/or reconsideration of this denial of benefits on August 5, 2014.

14. This appeal and/or reconsideration was denied on January 28, 2015.

15. The primary grounds for denying the requested benefits was that Mrs. Sanchez-Cuadrado's job is of sedentary nature and that she should be able to perform her duties.

16. Notwithstanding this, the administrative record shows that Plaintiff provided ample medical evidence of the seriousness of her conditions that does not allow her from to work.

17. In addition, Plaintiff provided rulings from both the Social Security Administration and the Puerto Rico State Insurance Fund Corporation granting her disability benefits for these exact medical conditions.

18. Thus the Defendant, either intentionally or negligently, denied Plaintiff the benefits that she is entitled to.

19. Triple-S funds the plan that it administers.

20. As a result of the Defendant's improper denial of Plaintiff's disability she has not received any payments.

## V. FIRST CAUSE OF ACTION

### (Commonwealth Law No. 80)

21. The allegations contained in paragraph No. 1 through No. 20 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

22. The Defendant has improperly denied Plaintiff her benefits by:

a) by failing to acknowledge the findings of her treating physicians who found her unable to work;

b) by failing to take into consideration that both the Social Security Administration and the Puerto Rico State Insurance Fund

Corporation have awarded Mrs. Cuadrado-Sanchez disability benefits;

c) by failing to properly take into account her treating physicians' medical records;

d) by evaluating the medical records in a biased manner.

23. The Defendant's denial of long term disability benefits were in violation of 29 U.S.C. § 1132(a)(1)

## VI.  JURY TRIAL

24. Plaintiff hereby invokes her right to a jury trial pursuant to the Seventh Amendment of the United States Constitution for all issues so triable.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully pray for this Honorable Court to enter Judgment granting the following relief a) a Declaratory Judgment stating that she is entitled to disability benefits, past and present, plus interest; b) reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(a); c) any other relief that this Honorable Court deems proper.

**RESPECTFULLY SUBMITTED** in Caguas, Puerto Rico on this 8th day of March of 2016.

**FRANCIS & GUEITS' LAW OFFICES**
PO Box 267
Caguas, PR 00726
Tel.(787)745-3100
Fax. (787) 745-3100

E-Mail: jgueits@fglawpr.com
cfrancis@fglawpr.com


**S/JOSÉ J. GUEITS-ORTIZ**

**JOSÉ J. GUEITS-ORTIZ**

U.S.D.C.-P.R. Bar No. 224704


**S/CHRISTIAN J. FRANCIS-MARTÍNEZ**

U.S.D.C.-P.R. Bar No. 227105